IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MIRNA GUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-187-BR |
| | § | |
| ALLSTATE ASSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**ORDER TO SUBMIT JOINT PROPOSED SCHEDULING ORDER
FOR POST-REMAND SCHEDULING ORDER
AND SETTING VIDEO RULE 16 SCHEDULING CONFERENCE**

**\* Joint Proposed Scheduling Order Due Date: December 28, 2021 \***
**\* Video Rule 16 Scheduling Conference: January 6, 2022 at 1:15 p.m. \***

On December 3, 2020, the Court entered an Order Granting Allstate Assurance Company's Motion for Summary Judgment. (ECF 42). However, on November 10, 2021, the United States Court of Appeals for the Fifth Circuit reversed the grant of summary judgment and remanded the case for further proceedings consistent with its opinion. (*See* ECF 52; ECF 53). The Fifth Circuit's opinion was docketed in this case on December 2, 2021, and the case was administratively reopened that same day.

Before this Court entered the Order Granting Allstate Assurance Company's Motion for Summary Judgment on December 3, 2020, all of the deadlines in the Court's First Amended Scheduling Order had passed. (*See* ECF 40 at 1–6). The Court intends on entering a new scheduling order in this case, which will at a minimum set a pretrial conference date and trial date. However, the Court finds it appropriate to provide the parties with an opportunity to submit a Joint Proposed Scheduling Order for the forthcoming Post-Remand Scheduling Order—in case any of the parties

believe other deadlines, such as to complete discovery, should be included in the forthcoming Post-Remand Scheduling Order.

## I.   JOINT PROPOSED SCHEDULING ORDER

If this case is not settled or otherwise resolved **before December 28, 2021,** the "Joint Proposed Scheduling Order Due Date," then the parties must file a Joint Proposed Scheduling Order that contains proposed time deadlines, as set out below.

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign; the Court will enter a Post-Remand Scheduling Order after the Rule 16 Scheduling Conference is completed. If a party fails to participate in the proposal process, the Court will enter the Post-Remand Scheduling Order without that party's proposals.

Proposed deadlines and dates shall be submitted in the form of dates certain (e.g., "December 11, 2020" and not "120 days before trial"). Parties shall not submit proposed deadlines and dates by describing the desired amount of time between deadlines or between a deadline and a trial-related date.

The Joint Proposed Scheduling Order shall either contain the following proposed time deadlines or indicate that the parties are not seeking an extension of the deadline set in the First Amended Scheduling Order, entered on August 13, 2020. (ECF 40). If a party (or parties) wishes to extend a deadline that has already passed under the First Amended Scheduling Order, such request must include a statement of the reasons why such extension is necessary at this point in the litigation:

   a.  to join other parties;
   b.  for parties seeking affirmative relief to designate expert witnesses;
   c.  for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);
   d.  for parties opposing affirmative relief to designate expert witnesses;
   e.  for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);
   f.  for all parties to designate rebuttal expert witnesses;
   g.  to object to the qualifications and/or competency of experts (*i.e., Daubert* and similar motions);
   h.  to amend the pleadings;
   i.  to mediate the case;
   j.  to complete discovery;
   k.  to file dispositive motions, including motions for summary judgment;
   l.  to file all other motions except motions in limine; and
   m.  for filing Rule 26(a)(3) disclosures.

The Joint Proposed Scheduling Order shall also contain a proposed trial date. The parties shall provide an estimate of the number of trial days and indicate whether a jury has been demanded. The parties may include any other information that the parties feel may assist the Court in preparing the Post-Remand Scheduling Order.

## II. VIDEO RULE 16 SCHEDULING CONFERENCE

A pretrial and scheduling conference will be held **by video** before the undersigned **on January 6, 2022 at 1:15 p.m.** The video Rule 16 Scheduling Conference will address the matters listed above and set forth in the parties' Joint Proposed Scheduling Order.

Any pro se party must attend this conference by video. Each represented party shall have at least one attorney admitted to and in good standing with the Northern District of Texas appear by video at the scheduling conference. For represented parties, counsel appearing by video *must* include lead counsel, but other counsel of record, including local counsel, are permitted to attend by video. Counsel for each represented party who appears by video at the scheduling conference must have (a) *full* knowledge of the case and (b) authority to bind the client.

Counsel for each party will receive instructions from the Court's Courtroom Deputy by email. Lead counsel for each party must provide the Court's Courtroom Deputy (direct line 806-468-3834) with the email address of any other counsel who will attend on or before **12:00 p.m. (noon), January 5, 2022**. The Courtroom Deputy will respond to any such request with further instructions.

A scheduling order may be modified "only for good cause" and with the judge's consent. *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).[1] Requests to extend deadlines in the scheduling order shall address Rule 16 and the factors considered when determining if good cause exists to modify a scheduling order.

IT IS SO ORDERED.

ENTERED December 7, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court considers four factors when determining whether good cause exists to modify a scheduling order: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).